Mr. Justice Clayton
delivered the opinion of the court.
The controversy in this case, grows out of an alleged fraud in the sale of the property seized under the execution, which is enjoined in this case.
The circumstances relied on to show the fraud, are, that after the levy, and during the stay produced by the valuation law, the house and lot were sold under a mortgage, with power of sale, executed some years previously, by Tick, the original owner of the property. That the house and lot constituted the residence of Robins, the defendant in the execution ; that much *319 trouble had been bestowed on the improvements, at a cost of near $20,000; that he was present at the sale; that the property sold for $325, in Planters Bank money, then under par; that a check had been given by the complainant, who was the purchaser, for the amount bid, which had never, in fact, been paid. That the annual rent of the place was worth $400 or $500. That Robins, since the sale, had remained in the quiet and undisturbed possession of the property, without payment of rent, or any agreement to pay, so far as the proof showed; that he made improvements, and paid for the same, and exercised apparently all the rights of ownership. These reasons, it was insisted, showed the sale and the purchase of complainant to be merely colorable, and left the property still liable for the debts of Robins.
This court is of opinion, that this view of the subject is correct, and that the order of the chancellor, dissolving the injunction should be affirmed.
Decree affirmed.